United States District Court
Southern District of Texas
**ENTERED**
June 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN DANIEL FORD, JR, | § § § § § | CIVIL ACTION NO 4:23-cv-01459 |
| Plaintiff, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| THE CITY OF BRYAN, TEXAS, *et al*, Defendants. | § § § | |

**OPINION AND ORDER
GRANTING MOTION TO DISMISS**

The motion to dismiss by Defendants St. Joseph Hospital and Nurse Jane Doe, asserting the statute of limitations, is granted. Dkt 36.

1. Background

Plaintiff Melvin Daniel Ford, Jr, was arrested and detained on March 5, 2021, by Defendants Sergeant Scott Jones and Sergeant Stacey Nunn, who are police officers for the City of Bryan, Texas. Dkt 35 at 2–3. Ford was driven to the Brazos County Detention Center after his arrest, but jail staff refused to take him into custody until he was medically cleared by a hospital. An Officer Garretson then transported Ford to St. Joseph Hospital. Id at 3.

Once there, medical personnel placed Ford on a stretcher. He alleges that he then refused to open his mouth when Defendant Nurse Jane Doe, a hospital nurse, tried to take his temperature. He says that Doe's response was that "either we will do this the hard way or easy way [but] either way it is going to get done." Ford then alleges that the officers held him down and "ordered the medical

staff to force his temperature to be taken unnecessarily, maliciously, and sadistically through his rectum without Mr. Ford's consent." Ibid. He also alleges that his temperature was recorded at 98.3 degrees, and that he "was not ill and did not complain of any sickness" and "did not have a fever." Id at 4. Nurse Lee Saunder noted injuries to Ford's head "with visibly broken blood vessels, injury to his wrist, knees, and right shoulder, and pain in his wrist and both shoulders." Ford received a gabapentin injection and was medically cleared. Ibid.

The original petition in this action was filed in state court on March 14, 2023. Dkt 1-1 at 5. It asserted violations of his constitutional rights under 42 USC §1983 and medical negligence against the City of Bryan Defendants (being the City of Bryan, Sergeant Jones, Sergeant Nunn, Officer Lawrence, Officer Chris Johnson, and Officer Garretson), as well as against Defendants St. Joseph Hospital and Nurse Lee Saunder. Id at 9–11. Defendants removed. Dkt 1.

All Defendants filed motions to dismiss. Dkts 11 & 20. At the initial conference, the City of Bryan advised that it would disclose available video footage of the incident, and Plaintiff was granted leave to amend his complaint in light of the videotape. Dkt 28 at 1. The motions to dismiss were also denied without prejudice to reassertion against the amended complaint. Ibid. There was also a question about the timeliness of the filing of this action, and that earlier attempts to get the action on file may have been made. Ford was thus ordered to provide an affidavit from counsel attaching and verifying the prior versions of his complaint that were rejected for filing in state court, as well as any notification or reasons given. Id at 2.

Ford dismissed the City of Bryan Defendants in November 2023. Dkt 31 at 1. He then filed an amended complaint against only St. Joseph Hospital and Nurse Doe, reasserting claims under 42 USC §1983 for violation of bodily integrity, unreasonable use of force, and denial of right to free speech. Dkt 35 at 4–6. He also asserted claims for medical negligence and civil conspiracy related to the

2

same conduct. Id at 6–7. Ford also provided an affidavit from counsel attaching and verifying two prior versions of his complaint that had been rejected for filing in state court. Dkt 35-1 at 1.

Pending is a motion to dismiss by St. Joseph Hospital and Nurse Doe. Dkt 36.

### 2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). But courts don't accept as true what are simply conclusory allegations, unwarranted factual inferences, or legal conclusions. See *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citation omitted).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v Alcoa Inc*, 339 F3d 359, 366 (5th Cir 2003).

### 3. Analysis

Apart from attack on the merits, the motion to dismiss raises concerns under the statute of limitations. Dkt 36 at 5–9.

The parties agree that (i) two years is the applicable limitations period for the §1983 and state tort claims at issue, and (ii) these causes of action accrued on March 5, 2021. See Dkts 36 at 5–7 & 37 at 8. They also appear to

3

agree that March 6th (and not March 5th) of 2023 was the requisite filing date, because March 5th was a Sunday, thus allowing the filing to be made on the next business day. See Dkts 36 at 8 & 37 at 7; see also Tex Civ Prac Remedies Code §16.072.

This means that Ford was required to bring this action by March 6, 2023. His problem is that the original complaint wasn't filed until March 14, 2023. Dkt 1-1 at 5. That filing is plainly late, meaning that this action is barred under the applicable statute of limitations.

To forestall this result, Ford states that he first attempted to file the complaint on March 6, 2023, but that the clerk "rejected" the complaint and didn't accept it for filing. Dkt 37 at 8; see Dkt 35-1 at 13, 16. He also attempted to file the same complaint on March 13, 2023, but that filing, too, was rejected. Dkt 35-1 at 14. It wasn't until March 14, 2023, that a conforming filing was made that was accepted. Dkt 1-1 at 5.

Even so, Ford argues that the March 6th filing was valid under Texas law for purposes of the statute of limitations despite its rejection by the clerk. Dkt 37 at 8–9. To support his relation-back theory, he cites *Cummings v Billman*, 629 SW3d 297 (Tex App—Ft Worth 2020, no pet), *High Rev Power, LLC v Freeport Logistics, Inc*, 2016 WL 6462392 (Tex App—Dallas 2016, no pet), and *NA Land Company v State*, 624 SW3d 671 (Tex App—Houston [14th Dist] 2021, no pet). Id at 9. None are persuasive.

In *Cummings*, the court of appeals reviewed the effect of a *cancellation* by the party who had otherwise successfully and timely filed a motion to reinstate in the electronic system, not a *rejection* by the clerk's office of the filing in the first instance. 629 SW3d at 298. Likewise, *High Rev Power* didn't deal with rejection by the court of the at-issue filing of a motion for new trial, but rather, with a transmission error that occurred with the filing party's electronic service provider after the motion had otherwise been electronically sent to the provider. 2016 WL 6462392 at *3. And *NA Land* is essentially the same, relating not to

4

a rejection, but to "a technical problem with the payment system" as to a timely filing. 624 SW3d at 674–75.

Ford doesn't here allege any similar facts with respect to his filing—and certainly nothing with respect to some technical failure in the court's own filing system. Instead, the March 6th complaint was rejected outright by the state court clerk as non-compliant. Dkt 35-1 at 13, 16. And Texas courts hold that filings aren't properly before the court if they are rejected. See *Mech v GXA Network Solutions*, 2017 WL 3634275, at **5–6 (Tex App—Dallas, no pet) (motion for new trial not considered to be before court for consideration where rejected by district clerk for failure to pay filing fee).

This means that the complaint was never actually filed until March 14, 2023, which means in turn that Plaintiff's claim wasn't timely filed. The motion to dismiss with respect to the statute of limitations will thus be granted.

The additional grounds raised by Defendants that attack the claims on the merits needn't be addressed. No opinion is thus expressed here on the merits of Ford's claims. But it's worth noting that the United States Supreme Court recognizes in these situations that "statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims." *United States v Kubrick*, 444 US 111, 125 (1979). Bright-line demarcation in such statutes may extinguish claims, but "their very purpose" is to do just that. Ibid. And federal courts are obliged to observe applicable statutes of limitations without regard to consequences. As long ago stated by the Fifth Circuit, "It is of course unfortunate for the plaintiff to be barred from enforcing what may be a meritorious claim, but that is always the consequence when a statute of limitations applies." *Dedmon v Falls Products Inc*, 299 F2d 173, 178 (5th Cir 1962).

4. Conclusion

The motion to dismiss Plaintiff Melvin Ford's second amended complaint is GRANTED. Dkt 36.

This action is DISMISSED WITH PREJUDICE.

5

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on June 11, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge